# United States Court of Appeals
## For the First Circuit

No. 19-1044

LIQUN XU (a.k.a. DAN XU),

Petitioner, Appellant,

v.

MERRICK B. GARLAND, Attorney General; ALEJANDRO MAYORKAS,
Secretary of Homeland Security; THOMAS BROPHY, Assistant Field
Director,

Respondents, Appellees.

PETITION FOR REVIEW OF AN ORDER OF
THE DEPARTMENT OF HOMELAND SECURITY

Before

Lynch and Barron, <u>Circuit Judges</u>,
Burroughs,[*] <u>District Judge</u>.

Kimberly A. Williams, with whom Jeffrey B. Rubin, Todd C.
Pomerleau, and Rubin Pomerleau PC were on brief, for petitioner.
Gilles Bissonnette and SangYeob Kim were on brief for amicus
curiae American Civil Liberties Union of New Hampshire, in support
of petitioner.
Sarah K. Pergolizzi, Trial Attorney, Office of Immigration
Litigation, Civil Division, United States Department of Justice,
with whom Brian Boynton, Acting Assistant Attorney General, and
Kohsei Ugumori, Senior Litigation Counsel, Office of Immigration
Litigation, were on brief, for respondent.

---

[*] Of the District of Massachusetts, sitting by designation.

February 18, 2022

**BARRON**, **Circuit Judge**.  Liqun Xu, a Chinese national, petitions for review of a Final Administrative Removal Order ("FARO") that the U.S. Department of Homeland Security ("DHS") issued against her in March 2018.  We dismiss the petition for lack of jurisdiction.[1]

### I.

Xu was admitted to the United States on June 25, 2014, on a nonimmigrant visitor visa.  Some years later, in January of 2018, she was convicted of two Massachusetts state law offenses: "[k]eeping [a] house of ill fame," Mass. Gen. Laws ch. 272 § 24, and money laundering, Mass. Gen. Laws ch. 267A § 2(1).

On March 20 of that same year, a DHS Immigration and Customs Enforcement Officer served Xu with a Notice of Intent to Issue a FARO ("NOI").  See 8 U.S.C. § 1228(b)(4).  The NOI alleged that Xu was a noncitizen "not lawfully admitted for permanent residence," see 8 U.S.C. § 1228(b)(2)(A), and that she had been "convicted of an aggravated felony as defined in . . . 8 U.S.C. § 1101(a)(43)(K)."  The NOI went on to state that, for those reasons, Xu was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which makes noncitizens with such convictions removable, and § 1228(b), which permits removal on

---

[1] We acknowledge with appreciation the assistance of amicus curiae the American Civil Liberties Union of New Hampshire.

that basis to be expedited.  See id. §§ 1227(a)(2)(A)(iii), 1228(b)(1).

The DHS issued the FARO against Xu that same day, signed it six days later, and served it on Xu two days after that, on March 28, 2018.  The FARO stated that Xu was removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), because she had been convicted of an "aggravated felony" as defined in 8 U.S.C. § 1101(a)(43)(K), which lists offenses relating to "prostitution" and "trafficking in persons."

At some point after she had been served with the NOI, Xu expressed a "fear of persecution or torture" if she were removed to China.  Xu was then referred to an asylum officer, who interviewed her on September 6, 2018, and concluded that same day that although Xu's testimony was credible, she had not established "a reasonable fear of prosecution or torture."

Xu requested a review of that determination, however, and the asylum officer referred her "reasonable fear" claim to an immigration judge.  A few weeks later, on October 5, 2018, an immigration judge vacated the decision of the asylum officer rejecting that claim after finding that Xu had "established a reasonable probability that she would be tortured" if she were removed to China.  Xu was placed in "withholding-only proceedings" on October 5, 2018, in which she requested withholding of removal

based on her "reasonable fear" claim. See 8 C.F.R. § 1208.31(g)(2).

On January 11, 2019, while the withholding-only proceedings were pending before the immigration judge, Xu filed in our Court a petition for review of the FARO that the DHS had issued against her about a year earlier. The petition challenged the lawfulness of the FARO and asserted that 8 U.S.C. §§ 1252(a) and 1252(b) provided this court with jurisdiction over her challenge to the FARO.

Four days after Xu filed her petition for review of her FARO in our Court, the immigration judge in her withholding-only proceedings granted Xu deferral of removal under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). That ruling barred the government from removing her to China, see 8 C.F.R. § 1208.17(a), pursuant to the FARO, but it did not overturn the FARO itself. Both Xu and the government waived appeal of the immigration judge's order granting her deferral of removal.

Then, on June 8, 2020, after Xu had submitted her opening brief to this Court in connection with her petition for review of her FARO, the DHS purported to "cancel" the FARO. Two days later, the government filed a motion to dismiss Xu's petition for review on jurisdictional grounds because it contended that, in consequence of the DHS's cancellation of her FARO, she was "no

longer subject to a final order of removal." See 8 U.S.C. § 1252(a)(1) (providing for "[j]udicial review of a final order of removal").

Approximately six months later, in December 2020, while Xu's petition for review of the FARO was still pending in this Court, the DHS issued Xu a Notice to Appear for separate removal proceedings before an immigration judge pursuant to 8 U.S.C. § 1229a, based solely on her extended presence in the United States after her visa had expired and not on any of her past convictions. The government then notified this Court of that action as part of its briefing in support of its motion to dismiss her petition for review, and Xu in return filed a sur-reply brief. This Court denied the motion to dismiss Xu's petition for review without prejudice, pending further consideration by the panel assigned to hear Xu's petition for review.[2]

## II.

Xu contends in support of her petition for review that her FARO is unlawful because the DHS violated her federal constitutional right to procedural due process. More

---

[2] According to a representation made by the government in a separate letter filed after this court denied the motion to dismiss, on account of a typographical error in the Notice to Appear that was issued in December 2020, the DHS served Xu with a second Notice to Appear for proceedings under 8 U.S.C. § 1229a on January 5, 2021. It represented further that those removal proceedings remained ongoing as of October 2021.

specifically, Xu contends that the DHS did so by failing to provide her with information about free legal services, misleading her as to how to challenge the FARO, and denying without her consent her right to challenge it. Xu also contends that her FARO is unlawful because neither of her Massachusetts convictions is for an offense referred to in 8 U.S.C. § 1101(a)(43)(K) and so neither qualifies as an "aggravated felony" within the meaning of 8 U.S.C. § 1227(a)(2)(A)(iii).

A FARO is a "final order of removal" within the meaning of 8 U.S.C. § 1252(a)(1). See Sanabria Morales v. Barr, 967 F.3d 15, 19 (1st Cir. 2020). But, as Xu agrees, we lack jurisdiction to hear a petition for review of her FARO if the DHS validly cancelled it. See 8 U.S.C. § 1252(a)(1); id. § 1252(b)(9) ("Judicial review of all questions of law and fact . . . shall be available only in judicial review of a final order under this section."). Thus, we must decide, as a threshold matter of our jurisdiction, whether the DHS's purported "cancellation" of Xu's FARO was valid or whether she is right that it was not.

In finding the cancellation of the FARO valid here, we start from the premise that, as a general matter, with respect to the removal of a noncitizen, "[a]t each stage the Executive has discretion to abandon the endeavor . . . ." Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 483 (1999). Moreover, a FARO is unlike other kinds of final orders of removal against

- 7 -

noncitizens in that it is issued solely by the DHS, compare 8 U.S.C. § 1228(b)(4), with id. § 1229a(a)(1), and Xu does not develop an argument that the government is wrong to contend, as it does here, that 8 C.F.R. § 103.5(a)(5)(i) authorizes the DHS to cancel a FARO in circumstances that are "favorable" to the noncitizen against whom it has been issued. See 8 C.F.R. § 103.5(a)(5)(i) ("When a Service officer, on his or her own motion, reopens a Service proceeding or reconsiders a Service decision in order to make a new decision favorable to the affected party, the Service officer shall combine the motion and the favorable decision in one action.").

Xu does contend that the cancellation of her FARO in her case was "unfavorable," given that the DHS purported to cancel it after she had filed her petition for review of it in our Court. She goes on to contend that, as a result, the only portion of 8 C.F.R. § 103.5(a)(5) that could apply in her specific case is § 103.5(a)(5)(ii) and that the DHS failed to comply with its requirements. See id. § 103.5(a)(5)(ii) (requiring an officer to "give the affected party" thirty days "to submit a brief" when "the new decision may be unfavorable to the affected party").

But, while the government has initiated removal proceedings against Xu pursuant to 8 U.S.C. § 1229a in the wake of its purported cancellation of her FARO, the cancellation -- if valid -- will result in there being no final removal order against

- 8 -

her at the present time. In addition, the government has represented to us that it is "unlikely" to charge Xu with being removable as an "aggravated felon" in the post-cancellation removal proceedings before an immigration judge that have been initiated pursuant to § 1229a. And, finally, the government has further represented that "the DHS has agreed not to contest the merits of her grant of CAT protection absent changed circumstances in China." We therefore are not persuaded by Xu's arguments for holding that the DHS did not validly cancel her FARO, such that no "final order of removal" is before us. 8 U.S.C. §§ 1252(a)(1), 1252(b)(9).[3]

**III.**

For the foregoing reasons, Xu's petition is **dismissed**.[4]

---

[3] We note that this is not a case in which the government cancelled the FARO only after the government had relied on it to remove the noncitizen against whom it had been issued. Cf. Castendet-Lewis v. Sessions, 855 F.3d 253, 259 (4th Cir. 2017) (exercising jurisdiction over a petition for review of a FARO and declining to find that FARO cancelled where the government had already removed the noncitizen pursuant to it).

[4] In Xu's briefing in opposition to the government's motion to dismiss, she requests "attorneys' fees and reimbursement of fees and production costs". But, Xu has not yet made any such motion, and the government advanced no response to that request. We thus do not address that request here.